# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **RICHARD MARVIN THOMPSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **4:19-cv-00120-AKK-HNJ** |
| **JONATHAN HORTON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM OPINION</u>

The magistrate judge entered a report recommending the court deny Richard Marvin Thompson's motion for hearing, grant Respondents' motion for summary judgment, and dismiss Thompson's petition for writ of habeas corpus without prejudice. Doc. 14. Thompson filed timely objections, alleging the following: (1) no binding precedent exists demanding INA § 1231 and its construal by *Zadvydas v. Davis*, 533 U.S. 678 (2001), govern Thompson's removal, (2) *Akinwale v. Ashcroft* does not bind this court to hold Thompson's petition of review to the First Circuit tolled his detention period, (3) Thompson's previous filings do not constitute bad faith and should neither impugn the validity of his First Circuit challenge nor sustain his detention, (4) Thompson's removal is not significantly likely in the reasonably foreseeable future, and (5) Thompson's detention violates his due process rights. Doc. 17. He admits these objections repeat arguments he made in his petition and

1

traverse. *Id.* at 5, 8. The Report and Recommendation is due to be accepted based on *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002). However, because Thompson was acting pro se when he composed his initial filings and his new counsel's articulation of his argument provides new insights that merit further analysis, and because Thompson raises some arguments that may benefit from more guidance by the Eleventh Circuit, the court will consider some of the newly articulated objections.

Thompson's first and second objections overlap in that they challenge the authority of *Akinwale v. Ashcroft* to bind this court. The first objection argues that because the short per curiam opinion in *Akinwale* did not provide analysis of whether § 1226 or § 1231 is appropriate for individuals like Thompson and merely adopted the government's uncontested application of § 1231, it remains an open question which of the two sections applies to Thompson. Doc. 17 at 4-5. The second objection claims *Akinwale* does not bind district courts in holding that a petitioner's pursuit of judicial review and success in securing a stay of removal tolls his removal period while the appeal is pending. *Id.* at 5-6. The court agrees with the magistrate judge's assessment that this court is bound by *Akinwale* in both its application of § 1231 and its holding in footnote 4. *See* doc. 14 16-21 (finding "a PFR or a stay stalls the § 1231 removal period, yet does not effect a reversion of the case's status back to § 1226"). Still, the court acknowledges that the intended potency of *Akinwale* is

unclear, that *Akinwale* is an outlier decision among the circuits,[1] and that no published Eleventh Circuit decision has applied either of the *Akinwale* propositions Thompson contests.[2] As the magistrate judge demonstrates, many district courts within the Eleventh Circuit, as well as several unpublished Eleventh Circuit opinions, have treated *Akinwale*'s use of § 1231 and footnote 4 as precedent. Doc. 14 at 18-19, 25-26. And a broad interpretation of the footnote would toll the § 1231

---

[1] The court notes the magistrate judge's finding that every other circuit to consider and rule on the matter has aligned with Thompson. Doc. 14 at 23 (citing *Hechavaria v. Sessions*, 891 F.3d 49, 57 (2nd Cir. 2018) (holding § 1226 properly applies to all "immigrants who are not immediately deportable"); *Leslie v. Att'y Gen. of the U.S.*, 678 F.3d 265, 270 (3d Cir. 2012), *abrogated in part and on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) ("Our review indicates that every circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal."); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057–58 (9th Cir. 2008) (holding that "the Attorney General's statutory authority to detain Prieto–Romero . . . whose removal is stayed pending the court of appeals' resolution of his petition for review, must be grounded in § 1226(a)"); *Bejjani v. INS*, 271 F.3d 670, 689 (6th Cir. 2001), *abrogated in part on other grounds by Fernandez–Vargas v. Gonzales*, 548 U.S. 30 (2006) (holding that § 1231's "removal period" does "not begin until the date of the Court's final order")). Two recent Supreme Court decisions suggest that the Court would also agree with Mr. Thompson's reading of the statutory scheme. *See id*. at 24-25 (citing *Jennings*, 138 S. Ct. at 838-39 and *Nken v. Holder*, 556 U.S. 418 (2009)). These courts take the view that the plain language of § 1231 indicates it does not govern detainees whose removals have been stayed by a circuit court pending judicial review. This court agrees with this reasoning, but because it believes the *Akinwale* precedent is binding, it applies § 1231. The court would welcome further guidance from the Eleventh Circuit on the proper reading of §§ 1226 and 1231.

[2] *See Alvarez v. U.S. Immigration and Customs Enforcement*, 818 F.3d 1194, 1215 (11th Cir. 2016) (citing *Akinwale* for the proposition that "the Attorney General has no power to detain an alien for whom there is no significant likelihood of removal in the reasonably foreseeable future."); *Sopo v. U.S. Attorney General*, 825 F.3d 1199, 1220 n.12 (11th Cir. 2016), *vacated on other grounds*, 890 F.3d 952 (11th Cir. 2018); *Benitez v. Wallis*, 337 F.3d 1289, 1293 n.13 (11th Cir. 2003), *rev'd on other grounds*, *Clark v. Martinez*, 543 U.S. 371 (2005) (citing *Akinwale* as an example of how passage of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) impacted pending deportation proceedings). In *Sopo*, the Eleventh Circuit chose to forego the option of applying *Akinwale* as precedent in deciding whether to apply § 1226 or § 1231 to a detainee. 825 F.3d at 1220 n.12. Although the Eleventh Circuit vacated *Sopo* and it has no legal effect, the court may give a vacated opinion persuasive value. *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1218 (11th Cir. 2009).

detention periods of any detainee at the point when he seeks appellate review of his removal proceedings, but a narrower interpretation would toll the period for only those detainees who pursue *direct* challenges to their removal as opposed to collateral challenges. Doc. 14 at 19 n.9. No published Eleventh Circuit decisions weigh in on this issue, leaving the breadth of the interpretation an open question for lower courts. *See Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013); *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009). Although this court believes *Akinwale* binds it to apply the broad interpretation and it accepts Thompson's detention was tolled when he filed his collateral attacks on his removal, more guidance on this issue from the Eleventh Circuit may be warranted.

Thompson's third and fifth objections also overlap due to the impact his litigation tactics will have on the success of his due process claims. Thompson's third claim argues he did not pursue appellate relief in bad faith and his prior filings should not bear on his current appeal in the First Circuit or justify his continued detention. Doc. 17 at 7. His fifth claim alleges his detention violates due process by tolling his detention period while his appeal is pending, and that the government is punishing him for seeking relief legally available to him. *Id.* at 8. As an initial matter, § 1231 states the "removal period shall be extended . . . if the alien . . . acts to prevent [his] removal subject to an order of removal." 8 U.S.C § 1231(a)(1)(C) (1999). In *Akinwale*, the Eleventh Circuit construed "act[ing] to prevent . . . removal" to include

pursuing judicial review. 287 F.3d at 1052 n.4. Although other circuits have held that prolonged detention cannot be justified based solely on an immigrant's pursuit of "avenues of relief that the law makes available to him,"[3] and in the vacated *Sopo* opinion, this circuit noted also that immigrants should not be "punished for pursuing avenues of relief and appeals," *Sopo*, 825 F.3d at 1218, and *Akinwale* penalizes detainees for accessing the judicial review processes legally available to them by construing "acts" to include any pursuit of appellate relief, nonetheless *Akinwale* dictates that the court finds that Thompson's appeals toll his detention. This is especially the case, where, as here, as the magistrate judge correctly found, Thompson's multiple time- and venue- barred appeals likely amounted to bad faith dilatory tactics, indicating his extended detention was of his own making. Doc 14 at 27-28.

After careful consideration of the record in this case, the magistrate judge's report, and Petitioner's objections, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendations with the exception of his discussion of *Zadvydas v. Davis*, doc. 14 at 29. In accordance with the recommendation, the court finds that Petitioner's motion for hearing, doc. 13, is due to be **DENIED**, Respondents' motion for summary judgment, doc. 7, is due to be

---

[3] *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003); *Hechavarria*, 891 F.3d at 56 n.6 (distinguishing an immigrant making use of the statutorily permitted appeals process from one abusing the process).

**GRANTED**, and the petition for writ of habeas corpus, doc. 1, is due to be

**DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

**DONE** the 30th day of September, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE
